The Honorable John Threet Prosecuting Attorney Fourth Judicial District Washington County Courthouse
280 N. College, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Threet:
I am writing in response to your request for an opinion concerning the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101 to 25-19-110 (Repl. 2002 Supp. 2009). You relay the following background facts before posing your question:
 A public water entity has received a freedom of information request which may entail up to 20,000 documents. It has been requested that this information be provided in an electronic format.
 These documents will have to be removed from files, have staples removed, copied, redacted, and then manually scanned into a computer and then manipulated as necessary and downloaded onto a disk. The water entity does have the equipment to accomplish this.
 The water entity does not feel that the above process falls within the meaning of "readily convertible" as set out in A.C.A. § 25-19-109 and therefore, feels that it may charge for personnel or contractor time, beginning with the process of scanning, in accordance with this statute.
 It is the requester's position that it cannot be charged for the time spent scanning the documents into the computer because the *Page 2 
physical act of scanning is no different than photocopying (which also requires the documents to be removed from files, staples removed, photocopies to be made, redactions to be made, and photocopying again), which cannot be charged for. Further, the requester asserts that by scanning the documents into a digital format they are "readily convertible" to a digital format using the authority's existing software and equipment within the meaning of A.C.A. § 25-19-109, and that the number of documents to be produced is not to be considered when determining whether the document is readily convertible.
With this factual background in mind, you pose the following question: "May the water entity charge for personnel/contractor time under this scenario?"
RESPONSE
Section 25-19-109 does not apply to the scenario you describe in your background facts. Thus, that statute is not authority for the contemplated charges. It is possible that another section of the FOIA — A.C.A. § 25-19-105(d)(3)(A)(i) — applies in this scenario, in which case the custodian might be authorized to charge for outside personnel time spent making the documents available as electronic data. But, as explained below, whether subsection 25-19-105(d)(3)(A)(i) applies depends on the threshold finding that the custodian is required to comply with this particular FOIA request. I cannot make this finding because it requires a factual determination. If a fact finder determines that the custodian is not obliged to comply with the request, but the custodian nevertheless decides to accommodate the requester, then, in my opinion, no provision of the FOIA enables the custodian to charge for either copying fees or personnel/contractor time.
DISCUSSION
Section 25-19-109 only governs "special requests" for "electronic data." Subsection 25-19-108(a)(1) gives custodians discretion to respond to certain electronic-records requests: "At his or her discretion, a custodian may agree to summarize, compile, or tailorelectronic data in a particular manner or medium and may agree to provide the data in an electronic format to which it is not readily convertible." (Emphasis added.) If the custodian agrees to compile the requested electronic data, then subsection 25-19-109(b)(1) enables the custodian to charge the requester for personnel or contractor time: "If the custodian agrees to a request, *Page 3 
the custodian may charge the actual, verifiable costs of personnel time exceeding two (2) hours associated with the tasks, in addition to copying costs authorized by § 25-19-105(d)(3)."
Section 25-19-109 does not control the scenario you describe. Section 25-19-109 only applies to electronic data. But the records, as you describe them, only exist in a paper medium: "These documents will have to be removed from files, have staples removed, copied. . . ." Because the requested documents are not electronic data, section 25-19-109 does not apply. Therefore, given the background facts above, this statute is not authority for the contemplated charges.
There is, however, an even more fundamental question about whether the FOIA even requires the custodian to comply with this FOIA request. In general, the FOIA does not oblige custodians to create records or compile information in response to a FOIA request. A.C.A. § 25-19-105(d)(2)(C). The FOIA does, however, require custodians to disclose a copy of any nonexempt public record "in any medium in which the record is readilyavailable."[1] The FOIA request at issue asks that paper records be provided in an electronic medium in which the paper records do not currently exist. The threshold question, then, is whether the paper records are "readily available" in the electronic medium requested.
Unfortunately, there is very little guidance on the phrase "readily available." The FOIA does not define it and no appellate court has construed it. Nevertheless, I have identified two broad possible interpretations. On one interpretation, the phrase could mean that a record is only readily available in the medium(s) in which it currently exists. This would mean that the paper records at issue here are not readily available because they do not currently exist in an electronic medium. *Page 4 
On another interpretation, the phrase could mean that custodians are sometimes required to transfer a paper record into an electronic medium.
The first interpretation is probably not the General Assembly's intent because the interpretation conflicts with the only guidance on the phrase's meaning. The General Assembly adopted the phrase itself, along with several other FOIA amendments, on the recommendation of the Electronic Records Study Commission, which was an entity commissioned by the General Assembly to recommend changes to the FOIA that would bring the FOIA into the digital age.[2] The Commission issued a final report explaining its proposed amendments. Commenting on the proposed amendment that eventually became codified at subsection 25-16-105(d)(2)(B), the Commission seemed to contemplate that sometimes custodians would be required to scan paper records into an electronic medium: "In many cases, it is relatively easy and cost-free to transfer an electronic record from one medium to another. . . . Indeed, with scanning equipment it is relatively simple to convert paper records to electronic form. This versatility can facilitate access to public records and increase public convenience in their use."[3] Thus, it seems clear that the phrase "readily available" does not permit custodians to issue blanket refusals when FOIA requesters seek a paper record in an electronic medium.
The Commission's comments indicate that "readily available" should be interpreted in the second of the two broad senses, which is that custodians are sometimes obliged to transfer paper records into an electronic format in response to a FOIA request. I emphasize "sometimes" because of additional comments from the Commission. Immediately following the Commission's above comments, the Commission also noted that whether a record is "readily available" in a new format is often a question of fact:
 However, agencies have limited resources and responding to FOIA requests is typically not the responding authority's primary mission, nor have agencies been required to "create" a paper record in response to a request. See Ark. Op. Att'y Gen. No. 2000-218, 98-202. In other words, the user convenience opportunities of electronic *Page 5 
records can only be taken so far without unduly imposing upon agencies' time and manpower.[4]
Given the Commission's comments, it seems that whether a paper record is "readily available" in an electronic medium (in which it does not currently exist) is a question of fact. In my opinion, the custodian bears the burden of assessing all the applicable facts to determine whether the requested records are "readily available." Custodians should be prepared to justify their factual determination. See also Op. Att'y Gen. 2003-203, p. 5. Two of the most salient factual issues are the sophistication of the custodian's scanning equipment and the number of documents the requester seeks. Because I am not a fact finder when issuing opinions, I cannot opine on whether the records sought in this specific instance are "readily available."
If, however, the records are "readily available," then there is still a question about whether the custodian may charge for the contactor time required to respond to the request. The FOIA states: "Except as provided in § 25-19-109 or by law, any fee for copies shall not exceed the actual costs of reproduction . . . but not including existing agency personnel time associated with searching for, retrieving, reviewing, or copying the records." A.C.A. § 25-19-105(d)(3)(A)(i) (emphasis added.) No appellate court has construed the emphasized phrase, so it remains unclear what that phrase implies. My predecessor, however, has commentated on the origin and possible implications of the phrase:
 This language was added during the legislative process in 2001, when the legislature passed Act 1653 based on the [Electronic Records Study] Commission report as noted above. In my opinion, the language may be interpreted to mean that personnel time associated with the task might be included in the copy fee if "existing agency personnel" are not used due to the size of the copying request. Whether the use of outside personnel is authorized will, of course, ultimately depend upon the particular facts at hand. The custodian is required to itemize the charges (subsection (d)(3)(B), supra) and should be prepared to justify them.
Op. Att'y Gen. 2003-203, p. 5. Without further legislative or judicial guidance, I cannot definitely opine that a custodian can employ contractors to respond to a *Page 6 
voluminous FOIA request and justifiably charge the FOIA requester for the contractors' time. I agree in principle, however, with my predecessor's observations.
In contrast, if the requested documents are not "readily available" and the custodian nevertheless decides, for whatever reason, to accommodate the requester, then, in my opinion, the FOIA does not authorize the custodian to charge for copying fees or personnel/contractor time. This is because if a custodian decides to respond to a FOIA request that falls outside the FOIA's parameters, then the custodian's response is also outside the parameters of the FOIA. Thus, the entire transaction falls outside the FOIA. Since the FOIA's provisions that enable custodians to charge for copying and/or personnel/contractor time are embedded within the rest of the FOIA's framework, the FOIA does not authorize the custodian to require payment.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] A.C.A. § 25-19-105(d)(2)(B) (emphasis added). I should note that your factual background confuses the key terms in subsection (d)(2)(B): "readily available" and "readily convertible." The subsection enables requesters to seek a public record in "any medium in which the record is readily available or in any format to which it is readily convertible. . . ." A "medium" is "the physical form or material on which records and information may be stored or represented and may include, but is not limited to paper, microfilm, microform, computer disks and diskettes, optical disks, and magnetic tapes." A.C.A. § 25-19-103(3). Thus, in your scenario, the requested records exist in only a paper "medium," and they are sought in an electronic "medium." A "format" is the organization, arrangement, and form of electronic information for use, viewing, or storage." A.C.A. § 25-19-103(2). The phrase "readily available" only modifies "medium" and the phrase "readily convertible," only modifies "format."
[2] Report of the Electronic Records StudyCommission Recommendations for Amendments to the Arkansas Freedomof Information Act (December 15, 2000), p. 28.
[3] Id.
[4] Id.